1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12

PAMELA E. SMITH,

Plaintiff,

13

14

v.

15

PRIDE MOBILITY PRODUCTS
CORPORATION,

16

Defendant.

17

Case No. 16-CV-04411-LHK

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS WITH
PREJUDICE**

Re: Dkt. No. 21

18

Plaintiff Pamela E. Smith ("Plaintiff") sues Defendant Pride Mobility Products

19

Corporation ("Defendant") for causes of action arising under federal and state law.  ECF No. 19

20

(First Amended Complaint, or "FAC").  Before the Court is Defendant's motion to dismiss.  ECF

21

No. 21 ("Def. Mot.").  The Court finds this motion suitable for decision without oral argument and

22

hereby VACATES the motion hearing scheduled for February 16, 2017, at 1:30 p.m.  Having

23

considered the submissions of the parties, the relevant law, and the record in this case, the Court

24

hereby GRANTS with prejudice Defendant's motion to dismiss.

25

**I.      BACKGROUND**

26

Plaintiff, a California citizen, suffers from arthritis and is disabled.  FAC ¶¶ 4, 8–9.

27

Plaintiff uses a wheelchair and a wheelchair lift in order to avoid walking and bending over.  *Id.* ¶¶

28

United States District Court
Northern District of California

Case No. 16-CV-04411-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

1    9–10.  Defendant is a Pennsylvania corporation that manufactures wheelchairs and wheelchair

2    lifts.  *Id.* ¶¶ 5, 11.  In 2014, Plaintiff purchased a "Go Go Elite Traveler Plus" wheelchair ("the

3    wheelchair") and a wheelchair lift ("the lift") manufactured by Defendant.  *Id.* ¶¶ 11–12, 22.

4    Plaintiff's claims arise out of her use of these two products.

5         Plaintiff purchased the lift from Defendant in June 2014, and Plaintiff had the lift installed

6    in her minivan.  *Id.* ¶ 11–12.  The lift's control is located on a coiled cord, "which was designed to

7    be hung up on the upright portion of The Lift, which goes into the car behind the wheelchair."  *Id.*

8    ¶ 14.  According to Plaintiff, "[w]hen the control is in the place designed for it, Plaintiff could not

9    reach the control."  *Id.*  Although "Plaintiff was able to use a pocket in the side of her van" to

10   place the control, other users could not reach the control when the control was in the van pocket,

11   "especially when putting the wheelchair back into the car."  *Id.*  Plaintiff states that if she let go of

12   the control, it "went zipping into the back of the car, leaving [Plaintiff] stuck without a way to get

13   her wheelchair in or out of the car."  *Id.* ¶ 15.

14        In addition to the location of the control, Plaintiff alleges several other problems with the

15   lift.  Specifically, the lift's platform "is designed in such a fashion that unless the wheelchair is

16   positioned exactly, the wheelchair tilts as Plaintiff sits in it before driving the wheelchair off The

17   Lift."  *Id.* ¶ 16.  Plaintiff states that "[s]itting in a wheelchair that is teetering on a wheelchair lift

18   has caused Plaintiff to inadvertently put her foot on the ground, which caused injury to the foot."

19   *Id.*  Plaintiff also states that the "tie down for The Lift broke the first time Plaintiff used it" and

20   that "Plaintiff inadvertently drove over [the tie down], which broke it again."  *Id.* ¶ 17.  Plaintiff

21   further alleges that the wheelchair can slide on the [lift] platform as the car is driving, *id.* ¶ 18; that

22   the lift "squeaks badly," *id.* ¶ 19; and that "[t]he Lift jacks the van upwards if The Lift is not

23   turned off at the exactly correct position," *id.* ¶ 20.

24        Plaintiff purchased the wheelchair in July 2014.  *Id.* ¶ 22.  Plaintiff states that on

25   September 13, 2014, Plaintiff used the wheelchair while attending a Renaissance Faire in Santa

26   Clara County.  *Id.* ¶¶ 23–25.  A battery indicator on the wheelchair shows green, yellow, and red

27   lights to indicate the remaining battery power.  *Id.* ¶ 26.  According to Plaintiff, she checked the

28

Case No. 16-CV-04411-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

remaining battery power prior to ascending a hill, and "[t]he battery indicator was only down two out of six greens." *Id.* Plaintiff accordingly decided to ascend the hill. *Id.* Plaintiff states that "[a]fter moving uphill about 20 feet the battery indicator moved to red, and the wheelchair stopped." *Id.* ¶ 27. Plaintiff then "decided to do a three point turn so that she could go forward down the hill." *Id.* However, "[w]hen Plaintiff put The Wheelchair into reverse, The Wheelchair started rolling, freewheeling down the hill at an angle to the hill." *Id.* ¶ 28. The wheelchair hit a bale of hay and tossed Plaintiff to the ground. *Id.* Plaintiff "injured her neck and her knee" and suffered "a permanently dislocated big right toe." *Id.* ¶ 30. Plaintiff also alleges that she suffered from whiplash for two years following the accident and that she has suffered psychological damage and emotional distress. *Id.* ¶¶ 31–34. Plaintiff "estimates that she lost $30,000 per year in revenue since being injured." *Id.* ¶¶ 34. She now also faces difficulty and additional expenses while traveling because she no longer uses the wheelchair manufactured by Defendant, and she has not purchased a different travel wheelchair. *Id.* ¶¶ 33–35.

### B. Procedural History

Plaintiff filed suit against Defendant on June 24, 2016 in California state court. ECF No.1-1 (Complaint, or "Compl."). On August 4, 2016, Defendant filed a notice of removal and removed the case to the U.S. District Court for the Northern District of California on the basis of diversity jurisdiction. ECF No. 1.

On August 8, 2016, Defendant moved to dismiss the complaint for failure to state a claim. ECF No. 4. Plaintiff opposed the motion on September 20, 2016, ECF No. 11, and Defendant replied on October 6, 2016, ECF No. 12.

On October 28, 2016, this Court issued an order granting Defendant's motion to dismiss. ECF No. 15; *Smith v. Pride Mobility Prods.Corp.*, 2016 WL 6393549 (N.D. Cal. Oct. 28, 2016). This Court granted Plaintiff leave to file a FAC to correct the deficiencies identified in this Court's order. *Pride Mobility*, 2016 WL 6393549, at *11.

On November 28, 2016, Plaintiff filed a FAC that alleged the same causes of action against Defendant as Plaintiff alleged in her original Complaint. *See* FAC.

Case No. 16-CV-04411-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

Count One alleges that Defendant violated the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civil Code § 51(b), by "intentionally ma[king] design decisions regarding manufacture of The Lift that resulted [in] a failure to provide equal ease of use for a person seated in a wheelchair" and "intentionally failed to provide goods which allowed for nondiscriminatory enjoyment of advantages Plaintiff expected when she purchased a wheelchair lift manufactured by Pride." *Id.* ¶¶ 39–40.

Count Two alleges that Defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*, because Defendant is "primarily engaged in the business of regularly transporting people" and Defendant "discriminated against [Plaintiff] on the basis of her disability in the full and equal enjoyment of transportation services." *Id.* ¶ 64.

Count Three alleges that Defendant violated California Civil Code § 51.7(a), which provides the right to "be free from any violence, or intimidation by threat of violence, committed against their persons or property." *Id.* ¶ 73. Plaintiff states that Defendant "either recklessly disregarded the possible injurious consequences of manufacturing a defective Go Go Elite Traveler Plus wheelchair that could freewheel backwards down a hill" and "because of this, [the wheelchair] caused violence to Plaintiff's person and property." *Id.* ¶¶ 75–76.

Count Four and Count Five allege that Defendant "negligently failed to comply with state and federal laws, regulations, rules and guidelines in the design and manufacture of the" wheelchair and the lift. *Id.* ¶¶ 84, 106.

Count Six alleges a cause of action for strict liability for Defendant's production of the wheelchair. *Id.* ¶¶ 110–115. Plaintiff alleges that the wheelchair was defectively designed or, in the alternative, that the wheelchair contained a manufacturing defect. *Id.* ¶¶ 111, 113.

Count Seven alleges a cause of action for strict liability for Defendant's production of the lift. ¶¶ 120–127. Plaintiff alleges that the lift was defectively designed or, in the alternative, that the lift contained a manufacturing defect. *Id.* ¶¶ 123, 125.

On December 19, 2016, Defendant moved to dismiss the FAC. *See* Def. Mot. On January 13, 2017, Plaintiff filed a response in opposition. ECF No. 24 ("Pl. Opp."). On January 30, 2017,

Case No. 16-CV-04411-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

1  Defendant filed a reply.  ECF No. 26 ("Reply").

2  **II.  LEGAL STANDARD**

3  **A.  Motion to Dismiss Under Rule 12(b)(6)**

4  Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an

5  action for failure to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell*

6  *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the

7  plaintiff pleads factual content that allows the court to draw the reasonable inference that the

8  defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a

9  'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

10  unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

11  For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations

12  in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving

13  party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

14  However, a court need not accept as true allegations contradicted by judicially noticeable facts,

15  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and a "court may look beyond the

16  plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into

17  one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).  Nor must the

18  Court "assume the truth of legal conclusions merely because they are cast in the form of factual

19  allegations."  *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011).  Mere "conclusory

20  allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."

21  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

22  **B.  Leave to Amend**

23  If the court concludes that a motion to dismiss should be granted, it must then decide

24  whether to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave

25  to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose

26  of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or

27  technicalities."  *Lopez*, 203 F.3d at 1127 (citation omitted).  Nonetheless, a district court may deny

28

Case No. 16-CV-04411-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  *See Leadsinger*, *Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (alteration in original).

## III.    DISCUSSION

As an initial matter, Plaintiff states in her opposition to Defendant's motion to dismiss that Plaintiff "withdraws her second cause of action," which alleges that Defendant violated the ADA. Pl. Opp. at 9.  Accordingly, the Court GRANTS Defendant's motion to dismiss Count Two, and Count Two is DISMISSED with prejudice.

The Court turns to consider Defendant's motion to dismiss the remaining causes of action.

## A.    Failure to State a Claim for Violation of the Unruh Civil Rights Act

Count One of Plaintiff's Complaint alleges that Defendant violated California's Unruh Act, Cal. Civil Code § 51 *et seq*.  FAC ¶¶ 39–42.  Section 51 of the Unruh Act provides that individuals within the state of California "are free and equal, and no matter what their . . . disability[ or] medical condition . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."  Cal. Civ. Code § 51(b).  In order to establish a disability discrimination claim under the Unruh Act that is independent of a violation of the ADA, "a plaintiff must establish that (1) she was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) her disability was a motivating factor for this denial; (3) defendants denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm."  *Phillips v. P.F. Chang's China Bistro, Inc.* ("*Phillips I*"), 2015 WL 4694049, at *6 (N.D. Cal. Aug. 6, 2015).

In this Court's October 28, 2016 Order dismissing Plaintiff's original complaint, this Court held that Plaintiff had failed to state a claim for violation of the Unruh Act because "Plaintiff was not denied 'full and equal' services by Defendant."  *Pride Mobility*, 2016 WL 6393549, at *3 (quoting *Phillips I*, 2015 WL 4694049, at *4).  Specifically, this Court found that the factual

Case No. 16-CV-04411-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

allegations in Plaintiff's Complaint showed that "Plaintiff successfully purchased and received the goods that Defendant offers" to all of its customers—the wheelchair and the lift—but that "Plaintiff found these products to be unsatisfactory or defective." *Id.* This Court held that "[a]bsent any indication that Plaintiff was denied 'full and equal' services by Defendant," let alone that Plaintiff was *intentionally* denied "full and equal" services by Defendant, Plaintiff had failed to state a claim under the Unruh Act. *Id.* at *3–4; *see also Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1116 (N.D. Cal. 2011) ("The California Supreme Court has concluded that the [Unruh] Act requires allegations of willful, affirmative misconduct, and that a plaintiff must allege more than the disparate impact of a facially neutral policy on a particular group.").

Plaintiff's FAC alleges, just as Plaintiff alleged in her original Complaint, that Plaintiff successfully purchased and received the wheelchair and the lift from Defendant, but that Plaintiff found that these products functioned in a defective or unreliable manner. *See* FAC ¶¶ 12–38. Plaintiff's FAC does not allege that Plaintiff had difficulty purchasing or receiving products from Defendant, or that Plaintiff received different products or services than other customers of Defendant. *See generally* FAC. Accordingly, as this Court held in its October 28, 2016 Order, Plaintiff has failed to state an Unruh Act claim because Plaintiff does not allege that she was denied "the full and equal" services that Defendant offers to all of its customers, let alone that Defendant did so intentionally and that Plaintiff's "disability was a motivating factor for this denial." *See Pride Mobility*, 2016 WL 6393549, at *3–4; *see also Phillips I*, 2015 WL 4694049, at *6 (setting forth the elements of an Unruh Act claim).

In her opposition to Defendant's motion to dismiss, Plaintiff cites *Phillips v. P.F. Chang's China Bistro* ("*Phillips II*"), 2015 WL 7429497, at *4 (N.D. Cal. Nov. 23, 2015), for the proposition that Defendant's "intention to discriminate [against Plaintiff] can be inferred." *See* Pl. Opp. at 9. In *Phillips*, the plaintiff contended that P.F. Chang's China Bistro ("P.F. Chang's") discriminated against customers with celiac disease "by charging $1.00 more for some gluten-free menu items than for comparable non-gluten-free menu items." *Id.* at *1. The district court in *Phillips* found that the plaintiff had stated an Unruh Act claim because the Plaintiff alleged that

7

Case No. 16-CV-04411-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

1   P.F. Chang's "created an entirely separate—and higher priced—gluten-free menu targeted to

2   persons with celiac disease," that P.F. Chang's "direct[ed] customers with celiac disease to the

3   gluten-free menu rather than offering to make modifications for celiac customers the way [P.F.

4   Chang's] does for other customers," and that "the price differential between the regular-menu

5   items and their gluten-free-menu equivalents [was] the same across the board." *Id.* at *4.

6   Accordingly, the district court found that the plaintiff in *Phillips* adequately alleged that "P.F.

7   Chang's d[id] not provide 'full and equal' accommodations or services to those suffering from

8   celiac disease" and that, from these facts, "one c[ould] reasonably infer that P.F. Chang's

9   intentionally discriminate[d] by targeting customers with celiac disease." *Id.* at *4–6.

10       The facts alleged in *Phillips* stand in stark contrast to the facts alleged by Plaintiff.

11   Defendant manufactures and sells wheelchairs and wheelchair lifts, and thus presumably all of

12   Defendant's consumers are disabled.  As stated above, Plaintiff's FAC contains no allegations to

13   suggest that Defendant offered anything "separate" or different to disabled individuals than

14   Defendant offered to non-disabled individuals, that Defendant charged disabled individuals a

15   different price for Defendant's products and services than Defendant charged non-disabled

16   individuals, or that Defendant otherwise "intentionally discriminate[d] by targeting customers

17   with" a disability.  *Phillips II*, 2015 WL 7429497, at *4; *see generally* FAC.  To the contrary, as

18   this Court stated in its October 26, 2018 Order dismissing Plaintiff's original Complaint,

19   Plaintiff's allegations show that Plaintiff received "whatever goods or services [Defendant]

20   provides." *Pride Mobility*, 2016 WL 6393549, at *6 (internal quotation marks omitted).

21   Accordingly, Plaintiff's allegations are not sufficient to state an Unruh Act claim.  *See Phillips II*,

22   2015 WL 7429497, at *4–5 ("The Ninth Circuit has explained in construing the ADA, which

23   served as a model for the Unruh Act, that . . . '[the statute] does not require provision of different

24   goods or services, just nondiscriminatory enjoyment of those that are provided.'" (quoting *Arizona*

25   *ex rel. Goddard v. Harkins Amusement Enterp., Inc.*, 603 F.3d 666, 671 (9th Cir. 2010)).

26       In sum, because Plaintiff has failed to allege that Defendant denied her "full and equal"

27   accommodations or services, Plaintiff has failed to state a claim for Defendant's violation of the

28

Case No. 16-CV-04411-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

1  Unruh Act.  Thus, the Court GRANTS Defendant's motion to dismiss Count One.  In this Court's

2  October 28, 2016 Order dismissing Plaintiff's original Complaint, this Court granted Plaintiff

3  leave to amend Count One, and warned Plaintiff that "failure to cure the deficiencies identified in

4  this Order will result in dismissal with prejudice of Plaintiff's claims." *Pride Mobility*, 2016 WL

5  6393549, at *11.  Because this Court granted Plaintiff leave to amend her Complaint once before,

6  and because Plaintiff failed in her FAC to correct the deficiencies identified by this Court in its

7  October 28, 2016 Order, the Court finds that granting Plaintiff leave to amend Count One in a

8  third complaint against Defendant would be futile.  *See Leadsinger*, 512 F.3d at 532 (holding that

9  a district court may deny leave to amend on the basis of futility of amendment).  Accordingly,

10  Count One is DISMISSED with prejudice.

**B.      Failure to State a Claim for Violation of California Civil Code § 51.7**

12          Count Three of Plaintiff's FAC alleges a violation of California Civil Code § 51.7, which

13  provides that all individuals within the state of California "have the right to be free from any

14  violence, or intimidation by threat of violence, committed against their persons or property

15  because of" a protected characteristic, including disability.  Cal. Civ. Code § 51.7; *see also* Cal.

16  Civ. Code § 51(b), (e) (setting forth protected characteristics).  In order to allege a violation of this

17  statute, Plaintiff must establish (1) "Defendant[] committed or threatened violent acts against

18  Plaintiff[]"; (2) Defendant was motivated by its perception of Plaintiff's disability; (3) Plaintiff

19  was harmed; and (4) Defendant's "conduct was a substantial factor in causing Plaintiff['s] harm."

20  *Campbell v. Feld Entm't, Inc.*, 75 F. Supp. 3d 1193, 1205 (N.D. Cal. 2014).

21          In this Court's October 28, 2016 Order dismissing Plaintiff's original Complaint, this

22  Court explained that § 51.7 "is 'a hate crimes statute,' and accordingly requires violence or a

23  threat of violence' . . . that is motivated by Plaintiff's disability." *Pride Mobility*, 2016 WL

24  6393549, at *6 (quoting *Ramirez v. Wong*, 116 Cal. Rptr. 3d 412, 417 (Cal. Ct. App. 2010)).  The

25  Court found that Plaintiff had failed to state a claim in her original Complaint because Plaintiff

26  alleged only "that Defendant manufactured a wheelchair that is designed to free wheel backwards

27  when pushed." *Id.* at *7.  This Court held that this allegation fell short of "establish[ing] that

28

Case No. 16-CV-04411-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

United States District Court
Northern District of California

Defendant, *motivated by a desire to harm Plaintiff* on the basis of her disability, manufactured a wheelchair with the *intent* of causing Plaintiff harm." *Id.* (citing *Boarman v. Cty. of Sacramento*, 2013 WL 3894167, at *2 (E.D. Cal. July 26, 2013) ("To adequately plead a claim under § 51.7, plaintiff must allege facts to support a reasonable inference that the plaintiff's [protected characteristic] was a motivating factor.")).

Plaintiff's FAC alleges, as Plaintiff alleged in her original Complaint, that Defendant violated §51.7 by "recklessly disregard[ing] the possible injurious consequences of manufacturing a defective [wheelchair] that could freewheel backwards down a hill." FAC ¶ 75. In her opposition to Defendant's motion to dismiss the FAC, Plaintiff asserts that "[i]t is not necessary for Plaintiff to prove that [Defendant] had a motivation to do harm, it is enough to prove that [Defendant's] conduct was reckless and disregarded possible harm to a physically vulnerable protected class of Californians." Pl. Opp. at 11. Specifically, Plaintiff cites *Toole v. Richardson-Merrell Inc.*, 251 Cal. App. 2d 689, 713 (Cal. Ct. App. 1967), for the proposition that Defendant's recklessness is sufficient to allege Defendant's "intent to injure" Plaintiff on the basis of her disability. Pl. Opp. at 10–11.

Plaintiff's reliance on *Toole* is not persuasive. *Toole* considered only the question of whether a defendant's recklessness could establish "malice as that term is used in [California] Civil Code § 3294," which allows for punitive damages where the defendant "was personally guilty of oppression, fraud or malice." *Toole*, 251 Cal. 2d at 713. The *Toole* court held that where "there is evidence that the conduct in question is taken recklessly and without regard to its injurious consequences, the jury may find malice in fact" sufficient to sustain a punitive damages award. *Id.* Thus, *Toole* is inapposite to the instant cause of action. *Toole* does not establish, as Plaintiff contends, that it is not necessary for Plaintiff to plausibly allege that Defendant "had a motivation to do harm" in order to state a § 51.7 claim. Pl. Opp. at 11.

Moreover, in setting forth the elements of a § 51.7 claim, district courts have repeatedly held that "[i]n order to plead a claim for relief under § 51.7, a plaintiff must allege facts suggesting that the defendant's [act or threat of violence] was substantially motivated by a protected

10

characteristic." *Green v. Betz*, 2013 WL 5353051, at *6 (N.D. Cal. Sept. 24, 2013); *see also Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1167 (N.D. Cal. 2009) (setting forth the elements of a § 51.7 claim). As this Court held in its October 28, 2016 Order, Plaintiff's allegation that Defendant recklessly manufactured its wheelchair is insufficient to establish that Defendant, "motivated by a desire to harm Plaintiff on the basis of her disability, manufactured the wheelchair with the intent of causing Plaintiff harm." *Pride Mobility*, 2016 WL 6393549, at *6. Accordingly, Plaintiff's FAC fails to state a § 51.7 claim. *See id.*; *see also Green*, 2013 WL 5353051, at *5 (holding that a plaintiff "fail[ed] to raise a right to relief above the speculative level" sufficient to state a § 51.7 claim where the plaintiff alleged only that the defendant's actions "'were so outrageous . . . [they] must have been motivated by racial animus'").

Thus, the Court GRANTS Defendant's motion to dismiss Count Three. In this Court's October 28, 2016 Order dismissing Plaintiff's original Complaint, this Court granted Plaintiff leave to amend her § 51.7 claim, and warned that "failure to cure the deficiencies identified in this Order will result in dismissal with prejudice of Plaintiff's claims." *Pride Mobility*, 2016 WL 6393549, at *11. Because this Court granted Plaintiff leave to amend her Complaint once before, and because Plaintiff failed in her FAC to correct the deficiencies identified by this Court in its October 28, 2016 Order, the Court finds that granting Plaintiff leave to amend Count Three in a third complaint against Defendant would be futile. *See Leadsinger*, 512 F.3d at 532 (holding that a district court may deny leave to amend on the basis of futility of amendment). Thus, Count Three is DISMISSED with prejudice.

## C.       Failure to State a Claim for Violations of Federal and State Manufacturing Laws

Counts Four and Five of Plaintiff's FAC allege that Defendant "negligently failed to comply with state and federal laws, rules, regulations and guidelines" in the design and manufacture of the wheelchair and the lift. FAC ¶¶ 84 (the wheelchair) & 91 (the lift).

As with Plaintiff's original Complaint, the FAC is unclear as to what type of claim Plaintiff seeks to assert in Counts Four and Five. In Plaintiff's original Complaint, Plaintiff alleged in Counts Four and Five only that Defendant "violated California and Federal laws and

Case No. 16-CV-04411-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

United States District Court
Northern District of California

1    regulations regarding the manufacture of wheelchairs" and wheelchair lifts.  Compl. ¶ 53 & 56;

2    *see Pride Mobility*, 2016 WL 6393549, at *7.  In this Court's October 28, 2016 Order dismissing

3    Plaintiff's original Complaint, this Court held that Plaintiff had failed to state a claim for relief in

4    Counts Four and Five because "Plaintiff's complaint d[id] not state which federal and state laws

5    Defendant allegedly violated." *Pride Mobility*, 2016 WL 6393549, at *7.  Moreover, this Court

6    held that, to the extent that Plaintiff sought to bring Counts Four and Five under the Food Drug

7    and Cosmetic Act or the Sherman Food Drug and Cosmetic Law, Plaintiff's claims were barred as

8    a matter of law because neither statute provided Plaintiff with a private cause of action.  *See id.* at

9    *7–8.  However, because Plaintiff stated in her opposition to Defendant's motion to dismiss her

10   original Complaint that Plaintiff was "seeking a damages remedy for tort claims premised on a

11   violation of state and federal regulations," this Court granted Plaintiff leave to amend her

12   complaint "to the extent that Plaintiff s[ought] to allege a state tort cause of action that [was]

13   separate from Plaintiff's claims for strict products liability." *Id.* at *8.

14        In her FAC, Plaintiff alleges in Counts Four and Five that Defendant "negligently failed to

15   comply with state and federal laws, rules, regulations and guidelines" regarding the wheelchair

16   and the lift.  FAC ¶¶ 84 & 91.  In its motion to dismiss the FAC, Defendant assumes that Plaintiff

17   is seeking to assert a negligence cause of action against Defendant, and that Plaintiff is asserting

18   "violations of state and federal regulations as the basis for establishing a duty of care that

19   [Plaintiff] believes [Defendant] breached."  Def. Mot. at 16.  In her opposition to Defendant's

20   motion to dismiss, however, Plaintiff does not mention negligence.  *See* Pl. Opp. at 11–14.

21   Nonetheless, to the extent that Plaintiff seeks to assert a cause of action for negligence in Counts

22   Four and Five, the Court agrees with Defendant that Plaintiff has failed to state a claim.

23        "In order to prove facts sufficient to support a finding of negligence, a plaintiff must show

24   that the defendant had a duty to use due care, that he breached that duty, and that the breach was

25   the proximate or legal cause of the resulting injury." *Money v. Johnson*, 2016 WL 3055875, at *6

26   (N.D. Cal. May 31, 2016) (quoting *Hayes v. Cty. of San Diego*, 57 Cal. 4th 622, 629 (Cal. 2013)).

27   "In California, negligence *per se* is not a separate cause of action but is the application of an

28
                                                        12

United States District Court
Northern District of California

1  evidentiary presumption provided by California Evidence Code § 699." *Carson v. Deputy Spine,*

2  *Inc.*, 365 F. App'x 812, 815 (9th Cir. 2010).  "In California, there are four elements required to

3  establish a viable negligence *per se* theory:  (1) the defendant violated a statute or regulation; (2)

4  the violation caused the plaintiff's injury; (3) the injury resulted from the kind of occurrence the

5  statute or regulation was designed to prevent; and (4) the plaintiff was a member of the class of

6  persons the statute or regulation was intended to protect." *Id.*

7        Significantly, as with Plaintiff's original Complaint, Plaintiff's FAC "does not state which

8  federal and state laws [or regulations] Defendant allegedly violated." *Pride Mobility*, 2016 WL

9  6393549, at *7.  Moreover, Plaintiff's FAC fails to allege that plaintiff was a member of the class

10  of persons that these "unidentified statute[s] [or regulations] w[ere] intended to protect." *Phillips*

11  *v. MERS Mortg. Elec. Registration Sys.*, 2009 WL 3233865, at *5 (E.D. Cal. 2009) (dismissing

12  negligence claim under Rule 12(b)(6) because the plaintiff "fail[ed] to identify a specific statute

13  that [defendant] violated and the class of persons that the unidentified statute was intended to

14  protect").  Furthermore, Counts Four and Five of the FAC are devoid of any factual allegations

15  regarding Defendant's conduct, and instead consist solely of legal conclusions, which are

16  insufficient to state a claim for relief.  *See Grant v. Corin Grp. PLC* , 2016 WL 4447523, at *6

17  (dismissing negligence claim premised on Defendant's failure to comply with federal regulations

18  because plaintiff alleged only "conclusory allegation[s] that Defendants violated" the applicable

19  regulation, rather than alleging any factual allegations regarding the defendants' conduct).

20  Accordingly, Plaintiff has failed to state a claim for negligence in Counts Four and Five.

21        In Plaintiff's opposition to Defendant's motion to dismiss, Plaintiff raises several facts and

22  cites several statutes for the first time.  For example, Plaintiff quotes statements from Defendant's

23  website about the wheelchair, and Plaintiff states "[i]f any of the above statements are proven to

24  be incorrect or misleading, it is a violation of 15 U.S.C. § 52," which prohibits false

25  advertisements.  *See* Pl. Opp. at 12.  Moreover, Plaintiff's opposition cites a study performed by

26  the Veterans Administration in 2013 ("the 2013 study").  *See id.* at 13.  Plaintiff's opposition

27  states that the 2013 study compared four wheelchair models, including a wheelchair manufactured

28   

Case No. 16-CV-04411-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

1   by Defendant that, according to Plaintiff, "is similar to [the wheelchair]" that Plaintiff purchased.

2   *Id.* at 13.  Plaintiff's opposition contends that the 2013 study found that Defendant's wheelchair

3   "was the least stable" and "had the lowest battery range" of the wheelchairs tested.  *Id.*  Plaintiff's

4   opposition asserts that the study found that Defendant's wheelchairs did not meet "ANSI/RESNA

5   Standards"—without specifying what these standards are.  *Id.* at 13–14.  Plaintiff's opposition

6   contends that, "[s]ince the Plaintiff's [wheelchair] appears to be similar to those tested, [the

7   wheelchair] might have similar compliance and reliability issues."  *Id.*  Plaintiff conclusively

8   states that "[i]t is Plaintiff's contention that the [wheelchair] and the Lift violate California's

9   Sherman Act in that [Defendant's] advertisements were false or misleading, violated FDA

10  standards; did not follow good manufacturing practices as to safety and quality; and that the

11  wheelchair and lift may have been adulterated due to failure to comply with good manufacturing

12  practices, failure to meet applicable performance standards, or have a quality below its represented

13  quality."  *Id.* at 14 (internal citations omitted).  However, as discussed further below, the Court

14  finds that the facts and statutes that Plaintiff raises for the first time in her opposition to

15  Defendant's motion to dismiss do not save Counts Four and Five of the FAC.

16      First, in considering a motion to dismiss under Rule 12(b)(6), the Court is limited to

17  considering only "allegations contained in the pleadings, exhibits attached to the complaint, and

18  matters properly subject to judicial notice."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

19  As discussed above, Plaintiff's FAC does not mention any studies or testing standards, and Counts

20  Four and Five of Plaintiff's FAC do not identify any statutes or regulations.  Thus, the Court may

21  not consider Plaintiff's new allegations raised for the first time in her opposition.

22      Second, even if the Court were to consider the allegations that Plaintiff raises for the first

23  time in her opposition, the Court would still find that Plaintiff has failed to state a claim in Counts

24  Four and Five.  Specifically, Plaintiff states in her opposition to Defendant's motion to dismiss

25  that "*[i]f any of [Defendant's] statements are proven to be incorrect or misleading*" then

26  Defendant is guilty of false advertisement.  *See* Pl. Opp. at 12 (emphasis added).  Further, Plaintiff

27  speculates that Defendant's wheelchair "*might* have similar compliance and reliability issues" and

28
Case No. 16-CV-04411-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

that "[t]he wheelchair and lift *may* have been adulterated due to failure to comply with good manufacturing practices." *Id.* at *13 (emphasis added). Thus, Plaintiff has offered only speculation in her opposition regarding Defendant's conduct, and Plaintiff's speculation is insufficient to state a claim for relief. *See Twombly*, 550 U.S. at 555 (stating that, to survive a 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level"). Other than speculation, Plaintiff offers no *facts* to suggest that Defendant violated any federal and state statutes and regulations, let alone that Defendant's violation of these statutes and regulations "caused [Plaintiff's] injury." *Carson*, 365 F. App'x at 815. Moreover, Plaintiff fails to discuss how Plaintiff's "injury resulted from the kind of occurrence the statute or regulation was designed to prevent," as required to state a "viable negligence per se theory" under California law. *Id*. Accordingly, even considering the facts and statutes that Plaintiff raises for the first time in her opposition to Defendant's motion to dismiss, the Court finds that Plaintiff has failed to state a claim in Counts Four and Five of the FAC.

Thus, the Court GRANTS Defendant's motion to dismiss Counts Four and Five of the FAC. In this Court's October 28, 2016 Order dismissing Plaintiff's original Complaint, this Court granted Plaintiff leave to amend Counts Four and Five to the extent that Plaintiff s[ought] to allege a state tort cause of action that [was] separate from Plaintiff's claims for strict products liability," and this Court warned Plaintiff that "failure to cure the deficiencies identified in this Order will result in dismissal with prejudice of Plaintiff's claims." *Pride Mobility*, 2016 WL 6393549, at *11. Because this Court granted Plaintiff leave to amend her Complaint once before, and because Plaintiff failed in her FAC to correct the deficiencies identified by this Court in its October 28, 2016 Order, the Court finds that granting Plaintiff leave to amend Counts Four and Five in a third complaint against Defendant would be futile. *See Leadsinger*, 512 F.3d at 532 (holding that a district court may deny leave to amend on the basis of futility of amendment). Thus, Counts Four and Five are DISMISSED with prejudice.

**D.      Failure to State a Claim in Counts Six and Seven for Strict Liability**

Finally, Counts Six and Seven of Plaintiff's FAC allege strict liability causes of action for

Case No. 16-CV-04411-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

the wheelchair and the lift.  Under California law, "[a] manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being."  *Anderson v. Owens-Corning Fiberglas Corp.*, 53 Cal. 3d 987, 994 (Cal. 1991) (internal quotation marks omitted).  California recognizes strict liability "for three types of defects—manufacturing defects, design defects, and 'warning defects.'"  *Id.* at 995.  Plaintiff asserts in her FAC that Defendant's wheelchair and lift contain a manufacturing defect and a design defect.  The Court discusses each in turn.

### 1. Manufacturing Defect

"A product with a manufacturing defect 'is one that differs from the manufacturer's intended result or from other ostensibly identical units of the same product line.'"  *Dunson v. Cordis Corp.*, 2016 WL 3913666, at *6 (N.D. Cal. July 20, 2016) (quoting *Barker v. Lull Eng'g Co.*, 20 Cal. 3d 413, 430 (Cal. 1978)).  As this Court explained in its October 28, 2016 Order dismissing Plaintiff's original Complaint, "[i]n order to allege a strict products liability claim under a manufacturing-defect theory, a plaintiff 'must *identify/explain how* the [product] either deviated from [the company's] intended result/design or *how* the [product] deviated from other seemingly identical' models of the product."  *Pride Mobility*, 2016 WL 6393549, at *8 (quoting *Lucas v. City of Visalia*, 726 F. Supp. 2d 1149, 1155 (E.D. Cal. 2010)).  This Court dismissed Counts Six and Seven of Plaintiff's original Complaint because Plaintiff's Complaint contained "'only conclusory allegations'" that the wheelchair and the lift were defective, and Plaintiff failed to "state how the wheelchair [or lift] that Plaintiff purchased [were] different from the design of the wheelchair [or lift] that Defendant intended or from other identical models" of the wheelchair or lift.  *Id.* at *9–11 (quoting *Trabakoolas v. Watts Water Techs., Inc.*, 2012 WL 2792441, at *4 (N.D. Cal. July 9, 2012)).  For the reasons discussed below, the Court finds that Plaintiff's FAC suffers from the same deficiencies as Plaintiff's original Complaint.

First, in Count Six of Plaintiff's FAC, Plaintiff alleges that "she was harmed by [the wheelchair] manufactured by [Defendant] that was defectively designed; when said wheelchair lost its brakes on a hill, freewheeled backwards down the hill, then tipped over onto its side; which

16

Case No. 16-CV-04411-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

caused injuries and other damages to Plaintiff." FAC ¶ 111. As with Plaintiff's original

Complaint, Count Six of Plaintiff's FAC "does not state how the wheelchair that Plaintiff

purchased is different from the design of the wheelchair that Defendant intended or from other

identical models of the wheelchair." *Pride Mobility*, 2016 WL 6393549, at *9. Accordingly,

Plaintiff has failed to state a claim in Count Six that the wheelchair was defectively manufactured.

*See Trabakoolas*, 2012 WL 2792441, at *4 (dismissing manufacturing defect claim that alleged

"only the insufficient legal conclusion that 'the [product] had a manufacturing defect'"); *In re*

*Toyota*, 754 F. Supp. 2d 1208, 1223 (C.D. Cal. 2010) (dismissing manufacturing defect claim

where the complaint "d[id] not offer any allegations of how the vehicle deviated from Toyota's

intended design or other product models").

Second, in Count Seven of Plaintiff's FAC, Plaintiff alleges that the "wheelchair lift

contained a manufacturing defect when it left [Defendant's] possession." FAC ¶ 125. Plaintiff

states that "said manufacturing defect was a substantial factor in causing [] the control on the

wheelchair lift to retract too far into the moving vehicle to be reached by Plaintiff, such as causing

the device keeping the wheelchair from moving while the vehicle was in motion to break, causing

the wheelchair to tip while being driven off the lift by a seated person." *Id.* However, as with

Count Six discussed above, "Plaintiff has fail[ed] to allege [in Count Seven] how the wheelchair

lift 'differed from defendants' intended design' for the lift" or from other identical models of the

lift. *Pride Mobility*, 2016 WL 6393549, at *10 (quoting *Dunson*, 2016 WL 3913666, at *6).

Accordingly, Plaintiff has not adequately alleged in Count Seven that the lift was defectively

manufactured.

In sum, as with Plaintiff's original Complaint, Plaintiff's FAC fails in Counts Six and

Seven to state a claim for defective manufacture of the wheelchair or the lift.

### b. Design Defect

Plaintiff also alleges in Counts Six and Seven that the wheelchair and lift were defectively

designed. "A design defect is present when a product 'fail[s] to perform as safely as an ordinary

consumer would expect when used as intended or reasonably foreseeable, or if, on balance, the

17

risk of danger inherent in the challenged design outweighs the benefits of the design.'" *Trabakoolas*, 2012 WL 2792441, at *3 (quoting *Brown v. Superior Court*, 44 Cal. 3d 1049, 1057 (Cal. 1988)).  Thus, under a design defect theory, a design may be "defective in one of two ways." *Lucas*, 726 F. Supp. 2d at 1154 (citing *Soule v. Gen. Motors Corp.*, 8 Cal. 4th 548, 566–67 (Cal. 1994)).  First, a products design is defective under the "consumer expectations test" if the product "has failed to perform as safely as ordinary consumers would expect when used in an intended or reasonably foreseeable manner." *Id.*  Second, a products design is defective under the "risk benefit test" if the product's "design embodies 'excessive preventable danger,' that is, the risk of danger inherent in the design outweighs the benefits of such design.'" *Id.* (quoting *Barker*, 20 Cal. 3d at 430).  Under either theory, "Plaintiff's complaint must 'allege facts to support' the test that Plaintiff identifies in order to adequately state a claim for strict products liability." *Pride Mobility*, 2016 WL 6393549, at *9 (quoting *In re Toyota*, 754 F. Supp. 2d at 1220).  Plaintiff's FAC asserts that the wheelchair and the lift were defectively designed under both the "consumer expectations test" and the "risk benefit test."  However, as discussed fully below, the Court finds that Plaintiff has failed to state a design defect claim under either the consumer expectations test or the risk benefit test.

### 1. Consumer Expectations Test

First, Plaintiff asserts that the wheelchair and the lift were defectively designed under the consumer expectations test.  As this Court explained in its October 28, 2016 Order dismissing Counts Six and Seven of Plaintiff's original complaint, "if Plaintiff seeks to assert a claim under the consumer expectations test, her complaint 'should describe how [the product] failed to meet the minimum safety expectations of an ordinary consumer.'" *Pride Mobility*, 2016 WL 6393549, at *9 (quoting *Altman v. HO Sports Co., Inc.*, 2009 WL 4163512, at *8 (E.D. Cal. Nov. 23, 2009)).  On October 28, 2016, this Court found that Plaintiff failed to state a claim in Count Six of her original Complaint because the Complaint was "devoid of any allegations regarding the 'minimum safety expectations' that an ordinary consumer of a wheelchair would have in ascending or reversing wheelchair on a hill." *Id.* (internal citations omitted).  Similarly, this Court

18

United States District Court
Northern District of California

also found that Plaintiff had failed to state a claim in Count Seven of her original Complaint because Plaintiff did "not describe[] how the lift 'failed to meet the minimum safety expectations of an ordinary consumer.'"  *Id.* at *10 (quoting *Altman*, 2009 WL 4163512, at *8).

Plaintiff's FAC suffers from the same deficiencies as her original Complaint.  In Count Six of her FAC, Plaintiff states that the wheelchair's "design was defective because [the wheelchair] manufactured by [Defendant] did not perform as safely as an ordinary consumer would have expected." FAC ¶ 115.  This is a legal conclusion, not a factual allegation, and is insufficient to state a strict liability claim.  *See Altman*, 2009 WL 4163512, at *8 ("Simply alleging that the [products] do not meet consumer expectations is a bare legal conclusion that does not indicate a plausible cause of action"); *Lucas*, 726 F. Supp. 2d at 1155 (dismissing strict liability claim that "simply track[ed] the general elements of strict products liability and contain[ed] no pertinent factual allegations" as required by *Iqbal*).

Apart from this legal conclusion, the only factual allegations in Count Six of the FAC are Plaintiff's allegations that the wheelchair did not meet "*her* consumer expectations" because "Plaintiff had two other wheelchairs that went up and down the hill twice in one day, on a single battery charge." FAC ¶ 137 (emphasis added).  Plaintiff alleges that "[h]er expectations were that the Go Go Elite Traveler Plus wheelchair would do likewise." *Id.*   However, as this Court instructed Plaintiff in the October 28, 2016 Order, in order to state a claim, Plaintiff's "complaint should describe how [the product] failed to meet the *minimum safety expectations* of an *ordinary consumer.*"  *See Pride Mobility*, 2016 WL 6393549, at *9 (emphasis added).  Plaintiff's allegations that the wheelchair did not meet *Plaintiff*'s expectations that her wheelchair should be able to go "up and down the hill twice in one day, on a single battery charge," FAC ¶ 137, says nothing of the "minimum safety expectations" of an "ordinary consumer."  *See Park-Kim v. Daikin Indus., Ltd.*, 2016 WL 5958251, at * 13 (C.D. Cal. Aug. 3, 2016) (dismissing claim for failure to allege design defect because "[a]lthough plaintiffs assert that the design of the [product] resulted in harms or the risk of harms, plaintiffs do not allege that these harms are outside a consumer's minimum safety expectations").  Accordingly, Plaintiff's FAC, like Plaintiff's original

Case No. 16-CV-04411-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

1    Complaint, is "devoid of any allegations regarding the minimum safety expectations that an

2    ordinary consumer of a wheelchair would have." *Pride Mobility*, 2016 WL 6393549, at *9.

3    Similarly, in Count Seven of the FAC, Plaintiff alleges that "the wheelchair lift's design

4    was defective because the wheelchair lift manufactured by [Defendant] did not perform as safely

5    as an ordinary consumer would have expected it to perform when used or misused in an intended

6    or reasonably foreseeable way." FAC ¶ 127. As discussed above, this is a legal conclusion, and is

7    insufficient to state a claim. *See Altman*, 2009 WL 4163512, at *8 ("Simply alleging that the

8    [products] do not meet consumer expectations is a bare legal conclusion that does not indicate a

9    plausible cause of action"). Moreover, Plaintiff alleges in Count Seven that "no other lift owned

10   by Plaintiff had the stunning disregard for the needs [of] a seated user" and "that [Plaintiff] has

11   owned many different wheelchair lifts and that the [Defendant's] wheelchair lift which is the

12   subject of this complaint[] did not meet *her* consumer expectations." FAC ¶ 138 (emphasis

13   added). As stated above with regards to the wheelchair, Plaintiff's allegation regarding *her*

14   expectations—based on other products that Plaintiff has owned—does not speak to whether the

15   design of the wheelchair meets the "minimum safety expectations" of the "ordinary consumer," as

16   required to state a claim for a design defect under the consumer expectations test. *See Pride*

17   *Mobility*, 2016 WL 6393549, at *9.

18   Thus, Plaintiff has failed to state a claim in Counts Six and Seven of the FAC for a design

19   defect under the consumer expectations test.

20   **2. Risk Benefit Test**

21   Second, Plaintiff asserts in Counts Six and Seven of the FAC a design defect claim

22   pursuant to the risk benefit test. As stated above, a products design is defective under the "risk

23   benefit test" if the product's "design embodies 'excessive preventable danger,' that is, the risk of

24   danger inherent in the design outweighs the benefits of such design.'" *Lucas*, 726 F. Supp. 2d at

25   1154. In order to state a claim for design defect under the risk benefit test, a Plaintiff "should

26   allege that the risks of the design outweigh the benefits and then *explain how* the particular

27   design" of the product caused Plaintiff harm. *Id*. In its October 28, 2016 Order dismissing

28

20

1    Plaintiff's original Complaint, this Court found that Plaintiff failed to state a claim in Counts Six

2    and Seven for design defect under the risk benefit test because Plaintiff's Complaint did not

3    contain any such allegations.  *See Pride Mobility*, 2016 WL 6393549, at *9.

4         Plaintiff's FAC fails to cure the deficiencies identified by this Court in its October 28,

5    2016 Order.  First, in Count Six of Plaintiff's FAC, Plaintiff alleges that "the benefits of [the

6    wheelchair's] design did not outweigh the risks of the design."  FAC ¶ 117.  However, Plaintiff

7    does not state how the allegedly defective "design of the [wheelchair] was a substantial factor in

8    causing [Plaintiff's] injuries."  *Altman*, 2009 WL 4163512, at *8.  Rather, Plaintiff alleges only

9    that the "wheelchair's design was a substantial factor in causing harm to Plaintiff."  FAC ¶ 117.

10   This is a legal conclusion, not a factual allegation, and is insufficient to state a claim.  *See Altman*,

11   2009 WL 4163512, at *8 (finding that a plaintiff's allegation that unidentified product defects

12   "were substantial causes in causing [plaintiff's] injuries" was "a legal conclusion that does not

13   allege a plausible cause of action" for a design defect under the risk benefit test).  Accordingly,

14   Plaintiff fails to state a claim in Count Six of the FAC that the wheelchair was defectively

15   designed under the risk benefit test.

16        Second, in Count Seven of the FAC, Plaintiff alleges conclusively that "the wheelchair

17   lift's design caused harm to Plaintiff" because the design of the lift was such that the control for

18   the lift "retracted too far into the vehicle to be reached by Plaintiff," that "the device keeping the

19   wheelchair from moving while the vehicle was in motion broke," that "the wheelchair tipped

20   while being driven off the lift by a seated person, and other herein described design defects."  FAC

21   ¶ 129.  Like Count Six discussed above, Plaintiff fails in Count Seven to allege sufficient facts

22   regarding how the allegedly defective "design of the [lift] was a substantial factor in causing"

23   physical harm to Plaintiff.  *Altman*, 2009 WL 4163512.  Indeed, "many of Plaintiff's allegations

24   [regarding the lift] refer to frustrations that are unrelated to safety concerns" or physical injury,

25   *Pride Mobility*, 2016 WL 6393549, at *10, or frustrations that appear unrelated to Defendant, such

26   as the tie down for the lift breaking when "Plaintiff inadvertently drove over it," FAC ¶ 21.

27        In sum, Plaintiff has failed to state a claim in Counts Six and Seven of the FAC for strict

28

21

Case No. 16-CV-04411-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

product liability under either a manufacturing defect theory or a design defect theory.  Thus, the Court GRANTS Defendant's motion to dismiss Counts Six and Seven of the FAC.  In this Court's October 28, 2016 Order dismissing Plaintiff's original Complaint, this Court granted Plaintiff leave to amend Counts Six and Seven, and this Court warned Plaintiff that "failure to cure the deficiencies identified in this Order will result in dismissal with prejudice of Plaintiff's claims." *Pride Mobility*, 2016 WL 6393549, at *11.  Because this Court granted Plaintiff leave to amend her Complaint once before, and because Plaintiff failed in her FAC to correct the deficiencies identified by this Court in its October 28, 2016 Order, the Court finds that granting Plaintiff leave to amend Counts Six and Seven in a third complaint against Defendant would be futile.  *See Leadsinger*, 512 F.3d at 532 (holding that a district court may deny leave to amend on the basis of futility of amendment).  Thus, Counts Six and Seven are DISMISSED with prejudice.

## IV.    CONCLUSION

For the reasons stated above, the Court GRANTS WITH PREJUDICE Defendant's motion to dismiss.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 12, 2017

LUCY H. KOH
United States District Judge

Case No. 16-CV-04411-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE